Matter of S.P. v J.B.

2026 NY Slip Op 02341

April 16, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of S.P., Petitioner-Respondent,

v

J.B. Respondent-Appellant.

Decided and Entered: April 16, 2026

Docket No. V-04993/21, C-03599/21|Appeal No. 6394|Case No. 2024-05271|

Before: Manzanet-Daniels, J.P., Higgitt, Rosado, O'neill Levy, Chan, JJ.

Douglas H. Reiniger, New York, for appellant.

Kenneth M. Tuccillo, Hastings on Hudson, for respondent.

Karen Freedman, Lawyers for Children, Inc., New York (Shirim Nothenberg of counsel), attorney for the child.

[*1]

Order, Supreme Court, New York County (Tandra L. Dawson, J.), entered on or about August 7, 2024, which, to the extent appealed from as limited by the briefs, after a fact-finding hearing, awarded petitioner mother sole legal and physical custody of the subject child, denied respondent father's petition for joint custody, and granted him unsupervised daytime visitation, unanimously affirmed, without costs.

The court's decision to credit the mother's testimony and to not fully credit the father's testimony is supported by a sound and substantial basis in the record and entitled to great deference (see Matter of Everett C. v Oneida P., 61 AD3d 489, 489 [1st Dept 2009]; see also Matter of Judith L.C. v Lawrence Y., 179 AD3d 616, 616 [1st Dept 2020], lv denied 35 NY3d 911 [2020]). The mother testified in detail about several incidents of domestic abuse, including one where the father engaged in a "tug of war" over the child and another where he beat her and choked her, and her account was corroborated by the testimony of other witnesses. The father's general, flat denials of engaging in any physical abuse were incredible, as he was arrested and prosecuted for one of the incidents, and he acknowledged that afterwards the mother wanted him to attend therapy to address his anger issues. Under these circumstances, the court properly discredited aspects of the father's testimony and reasonably resolved any conflicting testimony in favor of the mother (see Matter of Alexei S. v Michael M., 132 AD3d 466, 467 [1st Dept 2015]).

The court also properly determined that joint custody was not appropriate due to the lack of communication and hostility between the parties (see Lubit v Lubit, 65 AD3d 954, 955 [1st Dept 2009], lv denied 13 NY3d 716 [2010], cert denied 560 US 940 [2010]). The mother repeatedly testified that she was afraid of the father and sought orders of protection against him, and although the father opined that they could cooperate for the child's sake, he also acknowledged that the mother had blocked him and refused contact, and he made hostile social media posts about the mother. "The finding of the parties' acrimonious relationship, evinced by domestic violence . . . , and the finding that the parties do not communicate about the child further supports the [court's] decision" (Matter of Deserie D.G. v Jonathan C., 184 AD3d 538, 539 [1st Dept 2020]; see Zappin v Comfort, 155 AD3d 497, 498 [1st Dept 2017], appeal dismissed 31 NY3d 1077 [2018]).

[*2]

The court's determination that the child's best interests would be served by awarding sole legal and physical custody to the mother was based on a thorough assessment of the witnesses' demeanor and credibility and is supported by a sound and substantial basis in the record (see Matter of Darryl M. v Shaniqua D., 242 AD3d 512, 513 [1st Dept 2025]; see also Eschbach v Eschbach, 56 NY2d 167 [1992]; Matter of Carl T. v Yajaira A.C., 95 AD3d 640, 641 [1st Dept 2012]). The mother has been the child's sole caretaker since birth and provided her with a safe and stable home life (see Matter of Darryl M., 242 AD3d at 513). The father has lacked stable housing and employment, while the mother has maintained the same apartment and job for years. The mother has also always taken care of the child's educational and medical needs (see Matter of Stephanie C. v Ricardo E., 231 AD3d 663, 664 [1st Dept 2024]). The mother scheduled all the child's medical appointments and enrolled her in daycare, while the father did not remember her pediatrician's name, was unaware of what vaccinations she had received, and did not know where she attended school (see Matter of Daniel B. v Deshauna S., 226 AD3d 552, 553 [1st Dept 2024]). In addition, "[d]espite the parents' contentious relationship, the mother had been flexible and open to facilitating contact between the father and the child and indicated a willingness to promote their relationship" (Matter of Kimberly J. v Benjamin G., 227 AD3d 471, 472 [1st Dept 2024]). The court properly considered the father's history of domestic violence against the mother, some of which occurred in the child's presence (see Matter of Stacey-Ann H.J. v Ian J., 190 AD3d 456 [1st Dept 2021]).

The court's determination that overnight visitation with the father would not be in the child's best interest also has a sound and substantial basis in the record (see Matter of Myles M. v Pei-Fong K., 139 AD3d 466, 467 [1st Dept 2016] [noting the father's "history of domestic violence with (the) mother, and . . . his failure to fully accept responsibility for his prior actions"]). The mother and the attorney for the child agreed to daytime unsupervised visits, after successful weekly supervised visits where the child appeared comfortable, interacted well with the father, and appeared to enjoy the visits. Accordingly, the court providently awarded the father daytime unsupervised visitation and unsupervised FaceTime calls several times a week (see Matter of Frank M. v Donna W., 44 AD3d 495, 496 [1st Dept 2007]).

THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 16, 2026